# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES TIMOTHY MILTON BEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 5:04-cv-00051-LSC-JEO |
| | ) |
| JOE HOPPER, COMMISSIONER, | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS; BILLY MITCHEM, | ) |
| WARDEN, LIMESTONE CORRECTIONAL | ) |
| FACILITY; and BILL PRYOR, ATTORNEY | ) |
| GENERAL FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought pursuant to Title 28, United States Code, Section 2254. Upon consideration, the court finds that the petition is due to be dismissed because it is barred by the applicable statute of limitations.

## FACTUAL BACKGROUND

The petitioner, James Timothy Milton Best, was convicted in the Circuit Court for Madison County, Alabama, on May 9, 2001, on the offense of sexual abuse in the first degree. He was sentenced on August 17, 2001, to a twenty-year split sentence with five years incarceration and the remainder being suspended while he served ten years under supervised probation.

The petitioner appealed his conviction to the Alabama Court of Criminal Appeals. His conviction and sentence were affirmed in a lengthy memorandum opinion on May 24, 2002. His application for rehearing was denied by the Court on June 14, 2002. His application for a writ of

certiorari was denied by the Alabama Supreme Court on August 16, 2002. A certificate of judgment was issued by the Court of Criminal Appeals on the same day.

The present petition was filed in this court on January 9, 2004. Therein, he alleges that the trial court violated the petitioner's Fifth and Sixth Amendment rights to present a defense by granting the motion of the prosecution to exclude evidence and testimony concerning his divorce proceedings with the victim's mother. The respondents were required by this court to appear and show cause why the requested relief should not be granted. (Doc. 2). In response to the court's order, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 5 at p. 3). The parties were advised that the respondents' answer would be treated as a motion for summary disposition pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. (Doc. 7). The petitioner was permitted to file a reply to the answer, however, no further pleading was received. (Doc. 8).

### DISCUSSION

AEDPA, which was effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

  prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  Best's conviction became final on November 15, 2002, ninety days after his time for filing certiorari expired. Because the present petition was not filed until January 4, 2004, it is untimely and barred from further review absent some other circumstance.

  Best acknowledges that the petition is untimely. However, he asserts that the statute of limitations should be equitably tolled. Specifically, he states that it should be tolled because (1) he was incorrectly advised by another inmate that he had two years under Alabama law to file a post-conviction petition pursuant to Rule 32 of the ALABAMA RULES OF CRIMINAL PROCEDURE; (2) the petitioner had no access to legal assistance while incarcerated, the petitioner has no legal training, and his family's funds were exhausted from the expenses incurred during the trial and appeal of this matter; (3) his appellate counsel did not discuss Rule 32 options with the petitioner; and, (4) the petitioner did not learn of his federal habeas corpus option until July 2003 and then was under the impression from another inmate that it could not be filed until after a Rule 32 petition had been litigated. (Doc. 1 at pp. 2-3).

  The Eleventh Circuit Court of Appeals in *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir.

2005), recently stated:

> . . . . "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed* [*v. Head*], 219 F.3d [1298,] 1300 [(11th Cir. 2000)]. It is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990) (stating that the Court has allowed equitable tolling in situations where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass); *Arce v. Garcia*, 400 F.3d 1340, 1349 (11th Cir. 2005) (noting that in order to invoke equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment).

*Lawrence*, 421 F.3d at 1226. Applying this standard to the present case, the court finds that the petitioner is entitled to no relief.

The petitioner's circumstances are not the "extraordinary circumstances . . . beyond his control and unavoidable even with diligence" that would warrant relief. *Id*. To the extent he complains about the fact that another inmate incorrectly advised him regarding the statute of limitations for Rule 32 actions and for filing his federal habeas petition, the court finds that insufficient. To the extent he complains that he has had no access to legal assistance, no legal training, and his family's funds were exhausted from the expenses incurred during the trial and appeal of this matter, that could describe many criminal defendants. To the extent he complains counsel did not discuss Rule 32 options with him, the Eleventh Circuit has stated on "numerous occasions that 'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'" *Lawrence*, 421 F.3d at 1226 (citing *Howell v. Crosby*, 415 F.3d 1250, 1250 (11th Cir. 2005);

*accord Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Steed*, 219 F.3d at 1300; *Sandvik*, 177 F.3d at 1270). Lastly, to the extent that the petitioner complains that he did not learn of his federal habeas corpus option until July 2003 and then was under the impression from another inmate that it could not be filed until after a Rule 32 petition had been litigated, this demonstrates his lack of diligence precluding equitable tolling.

## CONCLUSION

Premised on the foregoing, the petitioner's application for a writ of habeas corpus is due to be dismissed with prejudice premised on the one-year statute of limitations.

Done this 15th day of November 2005.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153